UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARYANN ODOR, et al.,

    Plaintiffs,

v.

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,

    Defendant.

                          /

Case No. 2:20-cv-11198

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14] AND
DENYING PLAINTIFFS' CROSS MOTION FOR IN CAMERA REVIEW [18]**

Plaintiffs sued the United States Citizenship and Immigration Services ("USCIS") under the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552. ECF 1. Specifically, Plaintiff Odor submitted a FOIA request in May 2019 and sought a copy of her USCIS individual Alien File ("A-file"). *Id.* at 7. Plaintiffs believe the response they received from Defendant was insufficient and violated FOIA. *Id.* at 9–10. Defendant moved for summary judgment, ECF 14, and the motion was fully briefed, ECF 15, 19. Plaintiffs cross-moved for in camera review, ECF 18, and that motion was also fully briefed, ECF 20, 21. The Court carefully reviewed the briefs, and finds that a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f). For the reasons below, the Court will grant Defendant's motion for summary judgment and deny Plaintiffs' cross-motion for in camera review.

1

## BACKGROUND

In 2018, Plaintiffs Odor and Ezeokonkwo married in Texas and since that time have applied to USCIS for permanent resident status for Odor and her three sons. ECF 1, PgID 5. Throughout their process with USCIS, Odor and Ezeokonkwo participated in several in-person interviews and submitted many forms. *Id.* at 6. In April 2020, Plaintiffs received a Notice of Intent to Deny ("NOID") that informed the couple that USCIS was preparing to deny Ezeokonkwo's petition based on "alleged inconsistencies in [Odor's] Nigerian divorce decree." *Id.* at 7.

A year earlier, in May 2019, Plaintiffs filed a FOIA request with USCIS that sought a copy of Plaintiff Odor's A-file. *Id.* The letter specified five sets of information sought by Plaintiffs and included notes related to a September 2018 USCIS interview. ECF 1-2, PgID 14–15. Plaintiffs alleged that the reason for the FOIA request was "to prepare a response to any alleged inconsistencies in the couple's previous filings or to determine if in fact there even were any." ECF 1, PgID 7. Plaintiffs received a letter that acknowledged the receipt of the FOIA request within a few weeks and that also invoked the statutory ten-day extension for responding to the request. ECF 1-3; 1-4. Plaintiffs further allege that USCIS's thirty-day deadline for responding to the FOIA request expired without a response and that no response had occurred at the time they filed the present complaint. ECF 1, PgID 9. Accordingly, Plaintiffs claim USCIS violated three portions of FOIA. *Id.* at 10.

Defendants acknowledged the FOIA request that sought records about Plaintiff Odor but argued that, in May 2020, they released 839 pages in their entirety and 30 pages in part in response to the request. ECF 9, PgID 54. Defendant now

2

moves for summary judgment and argued that it made the required good-faith effort to search for the requested records reasonably expected to be responsive to the FOIA request and that any withheld information was authorized within a statutory exemption. ECF 14, PgID 89. Plaintiffs cross-moved for additional searches into Plaintiff Odor's A-file and in camera review of the fifty-four pages entirely withheld by USCIS. ECF 18, PgID 228–29.

## LEGAL STANDARD

5 U.S.C. § 552(a)(3)(A) requires federal agencies to produce records in response to reasonably described requests "made in accordance with published rules." FOIA represents a Congressional balance "between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminate secrecy." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (quoting H.R. Rep. 1497, 89th Cong., 2d Sess., 6 (1966)). The statute also provides nine exemptions that permit an agency to withhold or redact information. *See* 5 U.S.C. § 552(b)(1)–(9). The Supreme Court has often stated that these exemptions are "narrowly construed." *F.B.I. v. Abramson*, 456 U.S. 615, 630 (1982). And the burden is on the agency to justify its actions. 5 U.S.C. § 552(a)(4)(B).

Most challenges to an agency's invocation of the FOIA exemptions involve "purely legal questions" and, therefore, the Court can resolve those cases on summary judgment. *Rimmer v. Holder*, 700 F.3d 246, 255 (6th Cir. 2012). To prevail on a summary judgment motion in a FOIA case, "the government must show that it made a 'good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information' and that any withholding

3

of materials was authorized by statutory exemption." *Id.* (quoting *CareToLive v. FDA*, 631 F.3d 336, 340 (6th Cir. 2011). Thus, a plaintiff can challenge whether the agency undertook a good faith search or whether withheld information was authorized by a statutory exemption. Plaintiffs here challenges both good faith and the application of exemptions.

Because district courts typically resolve FOIA claims on summary judgment, the cases lie in a unique posture. Specifically, plaintiffs must argue that the agency's withholdings exceed the scope of the statute despite the fact that only the agency can know whether it complied with FOIA, that is, to resolve summary judgment motions, a court must review a potentially substantial number of documents *in camera*. *Rugiero v. U.S. Dep't of Just.*, 257 F.3d 534, 544 (6th Cir. 2001). One way to address those situations is with a "*Vaughn* index," "through which the agency describes the documents responsive to a FOIA request and indicates the reasons for redactions or withholdings in sufficient detail to allow a court to make an independent assessment of the claims for exemptions from disclosure." *Id.*; *see Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). And the agency may justify its claims for exemptions through detailed affidavits that "are entitled to a presumption to good faith." *Id.* "Unless evidence contradicts the government's affidavits or establishes bad faith, the [district] court's primary role is to review the adequacy of the affidavits and other evidence." *Id.* "If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the

4

government's position." *Ingle v. U.S. Dep't of Just.*, 698 F.2d 259, 265 (6th Cir. 1983) (quoting *Cox v. U.S. Dep't of Just.*, 576 F.2d 1302, 1312 (8th Cir. 1978)).

And although FOIA authorizes courts to examine documents in camera, 5 U.S.C. § 552(a)(4)(B), that review is "a discretionary measure" that the Sixth Circuit encourages should be used "sparingly, when no other procedure allows review of the agency's response to a FOIA request." *Rugiero*, 257 F.3d at 543–44.

## DISCUSSION

The Court will first address USCIS's summary judgment motion, and then will turn to Plaintiffs cross-motion for in camera review.

I. <u>Reasonable, Good Faith Search</u>

USCIS moved for summary judgment and supported its claims that it conducted a reasonable search for the requested records by submitting the affidavit of Jill Eggleston, the Associate Center Director in the FOIA and Privacy Act Unit, National Records Center of USCIS, within the United States Department of Homeland Security. ECF 14-1, PgID 107. The use of affidavits, like the one submitted in this case, to explain the search process is commonplace and the affidavits "are entitled to a presumption of good faith." *Rugiero*, 257 F.3d at 544. The presumption may be overcome with "[e]vidence of bad faith on the part of the agency," and unless there is evidence, then the Court's "primary role is to review the adequacy of the affidavits and other evidence." *Id.*

Here, Plaintiffs argue there is evidence of bad faith because the "contrary evidence is glaring and Defendant's duplicitous actions, statements, and

5

omissions . . . cast a shadow of doubt as to whether the agency has honestly and fairly applied the statutory exemptions." ECF 18, PgID 230–31. Specifically, Plaintiffs allege that there are "publicly-available resources" that prove some of the withheld documents should be released under FOIA and that some of the released documents "provide direct evidence that Defendant possess additional responsive media files which Defendant has neither disclosed nor stated that it withheld." *Id.* at 230. But Plaintiffs have provided no direct evidence of bad faith on behalf of USCIS. Instead, Plaintiffs' bad-faith allegations are based on speculation and assumptions about the procedures USCIS used. The declarations submitted by USCIS clearly outline the extensive search procedure employed to provide Plaintiffs with the responsive pleadings they sought and repeatedly showed that despite additional searches, they do not have the media file that Plaintiffs believe exists. ECF 14-1, PgID 113–15; ECF 19-1, PgID 247.

What is more, the adequacy of USCIS's search is beyond question. Plaintiffs requested Plaintiff Odor's A-file, including documents relating to an I-130 petition filed by Plaintiff Ezeokonkwo and her I-485 adjustment status. *Id.* at 124–25. As a result, USCIS determined that the A-file would hold all the immigration transactions relevant to Plaintiff Odor, *id.* at 112–13, and USCIS ran computerized database searches and located her A-file. *Id.* Several courts have affirmed this USCIS procedure as an adequate response to similar FOIA requests. *See, e.g., Bayala v. U.S. Dep't of Homeland Sec.*, 264 F. Supp. 3d 165, 172 (D.D.C. 2017) (concluding that search was reasonable where agency located alien's A-File); *Garcia v. USCIS*, 168 F.

6

Supp. 3d 50, 61 (D.D.C. 2016) (concluding that USCIS conducted an adequate search where a plaintiff requested a complete A-File and the agency located an A-File bearing plaintiff's name and A-number using computerized database search). Because the Court must review a FOIA search for reasonableness and "*not* [] whether additional documents exist that might satisfy the request," the Court determines that USCIS has undertaken a reasonable FOIA search in the case without evidence of bad faith. *Rugiero*, 257 F.3d at 547 (emphasis added); *see also CareToLive*, 631 F.3d at 341 ("[O]ur review focuses on the adequacy of the agency's search, and not on the chance that additional documents exist"). The Court will therefore grant summary judgment to USCIS on the matter of search adequacy and good faith.

II.     Application of Exemptions and Need for In Camera Review

As discussed in the Eggleston affidavit, USCIS released 839 pages in full, 30 pages in part, and it withheld 54 pages in response to Plaintiffs' FOIA request. ECF 14-1, PgID 114. USCIS then released one additional page in full that was originally released in part. *Id.* at 115. The entire release was documented in USCIS's *Vaughn* Index that identified each of the responsive documents as either withheld in full, released in part, and also identified the relevant FOIA exemptions with explanation of how that exemption applied. *Id.* at 142–66. Plaintiffs argue they are entitled to in camera review of the fifty-four pages of withheld material because the four *Ingle* factors support such a review and the *Vaughn* Index submitted was "so vague." ECF 15, PgID 187–93; *see also* ECF 18, PgID 232. The Court will first address the

7

sufficiency of USCIS's *Vaughn* Index and then address whether in camera review is warranted based on the *Ingle* factors.

### A. *Sufficiency of* Vaughn *Index*

A *Vaughn* Index requires the agency in question to provide "adequate specificity" by "assuring a proper justification," that gives detail about which "portions of document[s] are disclosable and which are allegedly exempt." *Vaughn*, 484 F.2d at 827. One method is "a system of itemizing and indexing" that identifies the statements in documents and then gives the agency's "refusal justification." *Id.* In the Sixth Circuit, "no precise form is dictated" for *Vaughn* Indexes and "any form is acceptable which 'enables the court to make a reasoned, independent assessment of the claim[s] of exemption.'" *Jones v. FBI*, 41 F.3d 238, 242 (6th Cir. 1994) (alterations in original) (quoting *Vaughn*, 936 F.2d at 866–67). But generally, "the government satisfies its burden of proof of supporting claimed exemptions to disclosure with a detailed index of each paragraph or sentence sought to be withheld, cross-reference to the government's statutory basis for the exemption." *Ingle*, 698 F.2d at 263, *abrogated on other grounds by U.S. Dep't of Just. v. Landano*, 508 U.S. 165 (1993).

Here, USCIS filed a detailed *Vaughn* Index that clearly and succinctly laid out the PDF number, a description of the document, whether it was withheld or released, if withheld, which exemption applied, and an explanation for the exemption's application. ECF 14-1, PgID 142–66. The Index allowed the Court to make a reasoned assessment: it was orderly, clearly understandable, and adequately explained each

8

exemption. *See id.* Plaintiffs' only proffered reason for its insufficiency is Plaintiffs' own belief that there are "media files" that have been withheld and not identified in this document. ECF 15, PgID 189. Despite Plaintiff's speculation, Defendant offered another affidavit from Eggleston with new descriptions of the withheld items and ensured that another "media file" does not exist within the USCIS system. ECF 19-1. Thus, even though Plaintiffs insist the *Vaughn* Index is insufficient because the alleged media file is missing, USCIS, in good faith, has shown that the file does not exist. And to repeat, an agency's "failure to turn up a particular document, or mere speculation that as yet uncovered documents exist, does *not undermine* the determination that the agency conducted an adequate search for the requested records." *Wilbur v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004) (emphasis added). Thus, the *Vaughn* Index submitted in this case is sufficient.

### B. *Application of* Ingle *Factors*

Finally, Plaintiffs moved for in camera review of the fifty-four pages of withheld materials. ECF 18, PgID 232. In camera review is not mandatory but left to the discretion of the Court based on four factors: (1) judicial economy, (2) actual agency bad faith, (3) strong public interest, and (4) the parties' request for in camera review. *Ingle*, 698 F.2d at 267; *see also* 5 U.S.C. § 552(a)(4)(B).

First, Plaintiffs concede that the Court may have concern over the judicial economy of a full in camera review of fifty-four pages of information. ECF 15, PgID 232–33. Plaintiff is correct that the first element of the *Ingle* balancing test weighs against in camera review. Although the Sixth Circuit in *Ingle* held a fifty-four page

9

in camera review to be a "relatively modest number of documents," 698 F.2d at 267, Plaintiffs have given no reason here, beyond mere speculation, that the proffered reasons for withholding these fifty-four documents are incorrect. Plaintiffs also suggest that Defendant is in the "best position to further limit the scope of the Court's review," which merely begs the question of which documents Plaintiffs are actually concerned about seeing rather than specifically identifying any of the fifty-four pages and offering any reason why the exemption does not apply. ECF 18, PgID 233. Because Plaintiffs make such a gaping request, judicial economy does not favor in camera review, despite the relatively modest number of pages.

Second, the *Ingle* analysis considers "actual agency bad faith." For this element, *Ingle* informs that "where it becomes apparent that the subject matter of a request involves activities, which disclosed, would publicly embarrass the agency or that a so-called 'cover up' is presented," like when "government affidavits lose credibility." *Ingle*, 698 F.2d at 267. Plaintiffs offer as evidence of agency bad faith suggestions that USCIS "push[ed] the envelope of what is acceptable and legal in conducting its search for responsive records" and chose to withhold additional information. ECF 18, PgID 233. But as explained previously, there is no evidence of agency bad faith in the case beyond pure speculation, let alone evidence of "actual agency bad faith." The factor therefore weighs against in camera review.

Third, the Court must consider whether there is a "strong public interest" in the effect of disclosure or exemption that "extends to the public at large." *Ingle*, 698 F.2d at 267. Plaintiffs argue the disclosure of additional information in their case has

10

a strong public interest because President Trump "enacted policies and made remarks that suggest prejudice against African immigrants to the public at large" and therefore strong skepticism of USCIS is warranted. ECF 18, PgID 233–34. But beyond the broad accusation, Plaintiffs have provided no evidence or arguments that make it likely there would be "evidence of corruption in an important government function." *Ingle*, 698 F.2d at 267. In fact, nothing in the record suggests that any of the withheld documents are in anyway related to policies enacted or enforced during the Trump administration. Instead, it seems as though Plaintiffs are seeking access to the documents to contest their own immigration applications—a matter that does not extend to the public at large. Requests made with such a purpose are beyond FOIA's scope. *See Jones*, 41 F.3d at 247 ("FOIA recognizes the disclosure interest of the public, not the private litigant.") (emphasis omitted). The third *Ingle* factor therefore weighs against in camera review.

And finally, the fourth *Ingle* factor requires the Court to consider "the parties request" for an in camera review. 698 F.2d at 267. Here, Plaintiffs requested in camera review, but USCIS has not agreed to the procedure. Instead, USCIS maintains that this "burdensome" procedure is unnecessary. ECF 20, PgID 275 (quotation omitted). But Plaintiffs made at least three requests from USCIS and have received responses each time. ECF 18, PgID 234. And despite the responsiveness, Plaintiffs believe Defendants should have to undergo additional searches, amending the *Vaughn* Index, and more to satisfy Plaintiffs that their sworn affidavits are complete. The Court disagrees.

11

In weighing all the *Ingle* factors, no reason requires in camera review of the fifty-four withheld pages in this case. Each factor suggests that USCIS has sufficiently complied with the FOIA requirements and public interest does not demand additional review of the agency's work. The Court will deny Plaintiffs' motion for in camera review.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for summary judgment [14] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion for in camera review [18] is **DENIED.**

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 9, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 9, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager